UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HAROLD JOHN DAVIS, JR., et al., | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
| v. | )   1:22-cv-00275-JCN |
| | ) |
| JANET THERIAULT, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION TO SET ASIDE ORDER ON
MOTION FOR ENTRY OF DEFAULT**

Defendant Lorne Smith asks the Court to set aside the default entered against him on Plaintiff's amended complaint.[1] (Motion to Set Aside Default, ECF No. 172.) Plaintiffs oppose the motion.

Following a review of the record, and after consideration of the parties' arguments, the Court grants the motion.

**PROCEDURAL BACKGROUND**

Plaintiffs assert claims of negligence (Count I), negligent infliction of emotional distress (Count II), defamation (Count III), interference with advantageous or future economic relations or expectations or misrepresentation (Count IV), equal protection violations (Count V), fraudulent misrepresentation (Count VI), intentional infliction of

---

[1] Defendant Teamsters Local Union No. 340 (Defendant Teamsters), for which Defendant Smith serves as Secretary-Treasurer, was also identified as a moving party. Defendants Smith and Teamsters are represented by the same counsel. Because the default entered only as to Defendant Smith, the Court considers Defendant Smith to be the moving party.

emotional distress (Count VII), civil conspiracy (Count VIII), breach of contract (Count IX), employment discrimination (Count X), violation of Maine constitution (Counts XI, XII, & XV), state civil rights violations (Count XIII), invasion of privacy (Count XIV), and punitive damages (Count XVI).

Plaintiffs commenced this action in state court against nineteen defendants. Several of the defendants removed the case to federal court. While the matter was pending in state court, counsel entered an appearance for Defendant Smith. (ECF Nos. 28-32, 28-33.) After removal, counsel again entered an appearance for Defendant Smith (ECF No. 13), and Defendant Smith and Defendant Teamsters Union, who were represented by the same counsel, moved to dismiss the amended complaint. (Motion to Dismiss, ECF No. 14.)

The Court granted in part and denied in part the motion. (Order, ECF No. 156.) Following the Court's decision on the motion, as reflected by the court's docket, Defendants Smith and Teamsters were to file their response to the amended complaint by September 14, 2023. On September 14, Defendant Teamsters filed an answer to the amended complaint. (Answer, ECF No. 161.) Although he was represented by the same counsel as Defendant Teamsters, Defendant Smith did not file a response to the amended complaint.

On October 19, 2023, an Order to Show Cause issued, which noted that Defendant Smith had not filed an answer and that Plaintiffs had not moved for default. (Order to Show Cause, ECF No. 166.) The Order directed Plaintiffs to show cause as to why the matter as to Defendant Smith should not be dismissed for lack of prosecution. (*Id.*) On the

2

same day, Plaintiffs moved for default as to Defendant Smith, and the clerk entered default. (Motion, ECF No. 167; Order, ECF No. 169.)  Two business days later, Defendant Smith moved to set aside the default.[2]

## DISCUSSION

Federal Rule of Civil Procedure 55(a) provides in pertinent part that a "court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(a).

> There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors. The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.  But that is not an exhaustive list and courts may consider other relevant factors, including (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside entry of default]."

*Indigo America, Inc. v. Big Impressions*, LLC, 597 F.3d 1, 3 (1st Cir. 2010) (internal citations, quotation marks, and parenthetical omitted). An assessment of the relevant factors in this case militates in favor of setting aside the default.

Defendant Smith contends that the failure to file an answer is the product of inadvertence.  Defendant Smith argues that when counsel prepared and filed the answer for Defendant Teamsters, counsel mistakenly failed to include Defendant Smith as a responding party.  Defendant Smith maintains that counsel's oversight is at least somewhat understandable because he is a party to the case solely as the result of his role as the Secretary-Treasurer of Defendant Teamsters.

---

[2] The default was entered on Thursday, October 19; Defendant Smith filed the motion to set aside the default on Monday, October 23.

Given that Defendant Teamsters and Defendant Smith are represented by the same counsel and jointly moved to dismiss Plaintiffs' claims, the Court can discern no logical reason, other than inadvertence, that counsel would file an answer on behalf of one defendant and not the other. Indeed, Defendant Smith has consistently demonstrated an interest in contesting Plaintiffs' claims. Counsel's explanation for the failure to file an answer is certainly plausible. The Court finds the default was not willful. *See Lucerne Farms v. Baling Technologies, Inc.*, 208 F.R.D. 463, 466 (D. Me. 2002) ("Courts tend to view a default as 'willful' where it shows contempt for the court's procedures or an effort to evade the court's authority.")

Plaintiffs also would not be unduly prejudiced if the Court set aside the default. Because of extensive motion practice, discovery has not commenced. Plaintiffs cannot, therefore, claim their discovery strategy was in some way informed by the default. Furthermore, regardless of the default, the case would continue as Plaintiffs have pending claims against multiple other defendants. In addition, as argument by Defendant Smith in support of his motion, Defendant Smith appears to have some legitimate legal defenses to at least some of Plaintiffs' claims. Finally, Defendant Smith promptly moved to set aside the default and the record lacks any evidence that Defendant Smith has acted other than in good faith.

In sum, after a review of the relevant factors, the Court is persuaded that setting aside the default in this case is appropriate and is consistent with the preference for the merit-based resolution of cases. *See Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)

("Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits.").

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendant Smith's motion to set aside the default.

Defendants Teamsters filed a motion to amend its answer to the amended complaint to include Defendant Smith in the response to the amended complaint. (Motion to Amend Answer, ECF No. 171.) Because the interests of Defendant Teamsters and Defendant Smith appear to be closely aligned, because Defendant Teamsters and Smith are represented by the same counsel, and because Defendant Teamsters and Smith have filed joint pleadings throughout this matter, the Court grants the motion. Defendants Teamsters and Smith shall file the joint response to the amended complaint within seven days of the date of this order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 3rd day of June, 2024.