UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HAROLD JOHN DAVIS, JR., et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:22-cv-00275-JCN |
| | ) | |
| JANET THERIAULT, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO CONVERT RULE 12(c)
MOTION TO RULE 56 MOTION**

Defendants Golieb, Madore, Pelletier, Jackson, Padilla, and Town of Millinocket (the Town Defendants) have moved for judgment on the pleadings. (Motion for Judgment, ECF No. 160.) As part of their response to the motion, Plaintiffs ask the Court to convert the motion to a motion for summary judgment. (Motion to Convert, ECF No. 164.) The Town Defendants oppose the request.

Following a review of the record and after consideration of the parties' arguments, the Court denies Plaintiffs' request to convert the motion for judgment on the pleadings to a motion for summary judgment.

**DISCUSSION**

"If the movant draws upon factual allegations outside the pleadings by submitting extrinsic documents to support its argument and the Court does not exclude them, then the Court converts the 12(c) motion into a motion for summary judgment under Rules 12(d) and 56." *Trustees of Bos. Univ. v. Kingbright Elec. Co., Ltd.*, 427 F. Supp. 3d 246, 249-50

(D. Mass. 2019) (citing *Miller v. Sunapee Difference, LLC*, 918 F.3d 172, 176 (1st Cir. 2019)). The only document the Town Defendants filed in support of their motion is a copy of Plaintiff Harris's employment contract that Plaintiffs reference and cite in the amended complaint. "When a complaint sufficiently refers to a document or the facts in the complaint are dependent upon a document offered by the movant, the document merges into the pleadings as long as the authenticity of the document is not challenged." *Sarvis v. Polyvore, Inc.*, No. 12-CV-12233-LTS, 2015 WL 5934759, at *3 (D. Mass. Aug. 25, 2015) (citing *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)), *recommended decision adopted*, 2015 WL 6182226 (D. Mass. Sept. 14, 2015). Here, Plaintiff Harris's breach of contract claim is dependent on the employment contract, Plaintiffs referenced and cited to the contract in the amended complaint, and Plaintiffs have not challenged the authenticity of the contract. The Court, therefore, discerns no basis on which to convert the motion for judgment on the pleadings to a motion for summary judgment.

In their motion, Plaintiffs identify several issues on which they maintain discovery is required for them to respond appropriately to the Town Defendants' motion. Plaintiffs' motion, therefore, appears to be a request to conduct discovery to permit them to identify and perhaps file extrinsic materials in response to the motion for judgment on the pleadings. A motion for judgment on the pleadings, however, challenges the sufficiency of the pleadings and not whether there is evidentiary support for the allegations in the pleadings. *See Zipperer v. Raytheon Co., Inc.*, 493 F. 3d 50, 53 (1st Cir. 2007) (stating a court "views

the facts contained in the pleadings in the light most favorable to the nonmovant," and judgment on the pleadings is appropriate "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment") (internal citation and quotations marks omitted).

Because the issue presented by the Town Defendants' motion is whether Plaintiffs have alleged facts that would support an actionable claim and not whether evidence exists to support a claim, discovery is not necessary for the resolution of the motion. To the extent Plaintiffs request an opportunity to conduct discovery before the Court considers the Town Defendants' motion for judgment on the pleadings, the Court denies the request.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiffs' motion to convert the Town Defendants' motion for judgment on the pleadings to a motion for summary judgment.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of June, 2024.