UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HAROLD JOHN DAVIS, JR., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:22-cv-00275-JCN |
| ) | |
| JANET THERIAULT, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT**

Defendant Wiscasset Police Department (Wiscasset) asks the Court to enter a final judgment in its favor based on the Court's dismissal of Plaintiffs' claims against it. (Motion for Entry of Final Judgment, ECF No. 210.) Plaintiffs did not file an opposition to the motion. After consideration of Wiscasset's arguments and following a review of the record, the Court denies the motion.

**DISCUSSION**

Plaintiffs commenced this action in 2022 asserting various claims against multiple defendants relating to their former employment with the Town of Millinocket. Plaintiffs' claims against Wiscasset were evidently based on information that Wiscasset disclosed regarding Plaintiff Worster's prior employment with Wiscasset. On August 31, 2023, the Court granted Wiscasset's motion to dismiss.

Following the dismissal of Wiscasset and other defendants, the Court granted the motion for judgment on the pleadings filed by several defendants who were employees of the Town of Millinocket. As the result of the Court's orders on the defendants' motions, Plaintiffs

maintain claims against four of the original nineteen defendants. The four remaining defendants recently filed notices of intent to file motions for summary judgment.

Wiscasset contends that there is no just reason to delay the entry of a final judgment in its favor. Wiscasset argues that there is no relationship between the claims Plaintiffs asserted against Wiscasset and the remaining claims, and that Wiscasset will be prejudiced without entry of a final judgment because the matter will likely continue for some time subjecting Wiscasset to unnecessary fees and costs and requiring Wiscasset to continue to report the matter to auditors as pending litigation.

Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). As the language of the Rule reflects, for a judgment as to fewer than all the claims and parties to be a "final judgment," the Court must make certain express findings. *See Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003) ("[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make that explicit determination but should also make specific findings and set forth its reasoning."). As the Supreme Court explained:

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account

> judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427], 438 [(1956)]. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Britton v. Maloney*, 196 F.3d 24, 27 n.2 (1st Cir. 1999) (district court should consider "(1) whether the disputed ruling is final; (2) whether the disputed ruling raises legal or factual issues that overlap with any pending claims remaining in the district court;" and (3) the equities and efficiencies of potentially piecemeal review).

The dismissal as to Wiscasset is a final order. That is, the order "terminated [Plaintiffs'] claims against [Wiscasset] in their entirety." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994). While the interrelationship between the claims against Wiscasset and the claims against the other defendants, including the other dismissed defendants, is not significant, a relationship exists. Plaintiffs maintain that information that Wiscasset improperly disclosed regarding Plaintiff Worster was allegedly used by one or more of the other defendants to undermine Plaintiff Worster in his employment with the Town of Millinocket. The claims against Wiscasset are thus related to some degree to Plaintiffs' claims against one or more of the other defendants.

Notably, the interrelationship of the claims is not the only consideration at this stage. The Court must also consider "how the equities and efficiencies of piecemeal review would compare to those in a single proceeding." *Britton*, 196 F.3d at 27 n.2. In the assessment of

this issue, in the absence of any representation to the contrary, the Court assumes that Plaintiffs would appeal from the final judgment that Wiscasset requests.

Discovery will close in less than two months (November 21, 2025), and the four remaining defendants intend to file dispositive motions. Either through motion practice or trial, the matter in the trial court will conclude in the relatively near future. If Plaintiffs prevail on their claims against the remaining defendants, there might be no need for Plaintiffs to consider an appeal of the judgment entered in favor of Wiscasset. If Plaintiffs do not prevail and Plaintiffs decide to appeal, Plaintiffs could then file one appeal from the judgment entered in favor of some or all defendants.

The Court appreciates Wiscasset's desire for closure and its concern that the matter could continue in the trial court for some time before it is concluded. The multiple appeals that could result from a Rule 54(b) certification, however, would not be efficient particularly when the potential for the entry of a final judgment on all of Plaintiffs' claims in the next several months exists.

Because the "equities and efficiencies" militate against piecemeal review and because there is some relationship between Plaintiffs' claims against Wiscasset and Plaintiffs' claims against one or more of the other defendants, Wiscasset has failed to demonstrate that there is no just reason to delay the entry of final judgment on Plaintiffs' claims against Wiscasset.

## Conclusion

In assessing the motion, the Court is mindful of the First Circuit's admonition regarding Rule 54(b) certification—"[b]ecause the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly." *Nicols v. Cadle Co.*, 101

F.3d 1448, 1449 (1st Cir. 1996).  For the reasons explained above, the Court denies Wiscasset's motion for the entry of final judgment.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of October, 2025.