UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HAROLD JOHN DAVIS, JR., et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 1:22-cv-00275-JCN |
| ) | |
| JANET THERIAULT, et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON MOTION TO RECONSIDER, RENEW,
AND PRESERVE DUE PROCESS CLAIMS**

Plaintiff Davis asks the Court to "reconsider, renew, and preserve his constitutional due-process claims under the Fourteenth Amendment to the United States Constitution and Article I, §§1 and 6-A of the Maine Constitution." (Motion at 1, ECF No. 216.) Plaintiff contends that reconsideration is necessary to prevent manifest injustice. (*Id*. at 3.)

On August 31, 2023, the Court (Levy, C.J.) ruled on multiple dispositive motions filed by some of the defendants. (Omnibus Order, ECF No. 156.) In its order, the Court concluded that Plaintiff had not asserted a plausible claim based on an alleged violation of the Maine constitution or the Equal Protection Clause of the United States Constitution. The order resulted in the dismissal of all claims as to certain defendants. Subsequently, Defendant Town of Millinocket and other defendants affiliated with the town moved for judgment on the pleadings. (Motion for Judgment, ECF No. 160.) The Court granted in part the motion, dismissing all claims against the moving defendants, except for Plaintiff's breach of contract claim against the town. (Order on Motion for Judgment on the Pleadings, ECF No. 187.)

Plaintiff's argument regarding the state constitutional due process claim that he asserted can reasonably be construed as a motion to reconsider. "Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009). Plaintiff has not cited any new evidence or asserted any additional facts that he has learned since the Court issued it Omnibus Order, has not alleged a change in the law, and has not presented a persuasive argument that would support a manifest injustice finding. Instead, Plaintiff reiterates some of the facts that he previously asserted and faults his former counsel for failing to cite relevant authority in support of his claim.

Plaintiff effectively asks the Court to consider the same alleged facts and reach a different conclusion. "A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see it that way." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations omitted). Further, even if there were merit to Plaintiff's contention that his former counsel should have argued differently or cited certain authority, reconsideration is not warranted. *See KPS & Associates, Inc. v. Designs By FMC, Inc.*, 381 F.3d 1, 16 (1st Cir. 2003) (quoting *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 21 (1st Cir. 1987) ("[W]e have consistently 'turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client.'").

Because Plaintiff did not previously allege a Fourteenth Amendment due process claim,[1] the Court construes his motion as a request to amend his pleading to assert the claim. Following extensive motion practice, on September 13, 2024, the Court issued a scheduling order in which the Court established January 17, 2025, as the deadline for the parties to amend the pleadings. (Scheduling Order, ECF No. 191.) Plaintiff filed his motion approximately ten months after the expiration of the deadline. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).

Here, the discovery deadline has now passed,[2] and one party has filed a notice of intent to file for summary judgment. If Plaintiff were permitted to assert a Fourteenth

---

[1] Plaintiff alleged a Fourteenth Amendment Equal Protection Claim, which the Court dismissed.
[2] Plaintiff filed the motion approximately two months before the discovery deadline expired. The only outstanding discovery appears to be Plaintiffs' responses to Defendants' written discovery.

Amendment due process claim at this stage of the proceedings, additional discovery would undoubtedly be required, further delaying the resolution of this matter, which has been pending for more than three years.  Given the amount of time from the commencement of this matter to the filing of the motion (more than three years), from the Court's Omnibus Order to the filing of the motion (more than two years), from the Courts' order on the motion for judgment on the pleadings (more than fifteen months), and from the deadline for the parties to amend the pleadings to the filing of the motion (approximately ten months), the Court cannot find good cause to permit the amendment at this stage of the proceeding.

    In sum, following a review of the record and after consideration of Plaintiff's motion, the Court denies Plaintiff's motion to renew and preserve the due process claims that he asserted or seeks to assert.

/s/ John C. Nivison
U. S. Magistrate Judge

Dated this 18th day of February, 2026.